**Barry Northcross PATTERSON, Plaintiff—Appellant,**

v.

**Bennie ROLLINS, Warden, sued in his individual & official capacity aka: Bernie Rollins; et al., Defendants—Appellees,**

and

**Dora B. Schriro, Director, sued in her individual & official capacity; et al., Defendants.**

No. 05–16053.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Feb. 13, 2006.*

Filed Feb. 17, 2006.

Barry Northcross Patterson, Arizona State Prison Complex (Eyman), Florence, AZ, for Plaintiff–Appellant.

Paul E. Carter, Esq., Office of the Arizona Attorney General (Tucson), Liability Management Section, Tucson, AZ, for Defendants–Appellees.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Barry Northcross Patterson, an Arizona state prisoner, appeals pro se from the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action alleging prison officials violated his rights by using his inmate funds to pay his debts, and requiring him to use the prison's inmate mail system. We review de novo a district court's determination that a prisoner failed to exhaust administrative remedies. 42 U.S.C. § 1997(e)(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm in part, reverse in part, and remand.

The Prison Litigation Reform Act requires a prisoner to exhaust "such administrative remedies as are available" before filing a federal action. *See* 42 U.S.C. § 1997e(a). Patterson's complaint alleged that prison staff told him that account deductions are "non-grievable." We reverse and remand for the district court to consider Patterson's claim regarding his inmate trust account in light of our supervening decision in *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir.2005) ("a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review *or been reliably informed by an administrator that no remedies are available*") (emphasis added).

Patterson's argument that he did not grieve his claim regarding the requirement that he use the prison inmate mail system because he believed that grieving would be futile, is unpersuasive. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (a prisoner's belief that the grievance system would not provide him with a positive outcome does not excuse his obligation to use the grievance process).

Appellee's motion to limit review to the record on appeal and to arguments made below and in appellant's opening brief is granted.

Patterson's motion for an immediate injunction against defendants is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.